LEASE CAR OF AMERICA, INC v RAHN

Docket No. 62120. Submitted November 3, 1982, at Detroit.—Decided April 6, 1983. Leave to appeal applied for.

Lease Car of America, Inc., leased a Mercedes Benz automobile to Stephen R. Rahn. One of the conditions of the lease was that Rahn insure the vehicle and that Lease Car, if notified that Rahn had failed to continue the insurance in force, could continue the policy and charge Rahn for the premium payments. Rahn purchased a policy of insurance from the Associated General Insurance Company. Rahn failed to make prompt and adequate payment of the premium and the policy was cancelled. Rahn received notice of the cancellation prior to the policy's being cancelled, but Associated did not notify Lease Car, which was also listed as an insured on an endorsement to the policy. Rahn continued to drive the automobile and was involved in an accident after the insurance had been cancelled. The car was damaged to a point where repair was not feasible. Lease Car filed a claim with Associated, which Associated rejected on the grounds that the policy had been cancelled and that Associated had no obligation to inform Lease Car of the cancellation. Lease Car filed suit against Rahn and Michigan Mutual Insurance Company, an affiliated company of Associated, in Macomb Circuit Court. The court, Raymond R. Cashen, J., entered a judgment of no cause of action in favor of Michigan Mutual Insurance Company, holding that under the terms of the policy and the applicable statute Associated had no duty to notify Lease Car of the cancellation of the insurance policy. A default judgment was entered in favor of Lease Car against Rahn. Lease Car appeals the finding of no cause of action against Michigan Mutual. *Held:*

Associated fully complied with the cancellation provision of the insurance policy and that provision complies with the terms of the applicable statute. Where an insurance policy contains a provision authorizing cancellation upon notice to a specific named insured, and where the insurer complies with

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance §§ 269, 277.
[2, 3] 43 Am Jur 2d, Insurance §§ 387, 388.

the policy provision, the insurer's failure to give notice to other parties insured under the policy does not render the cancellation ineffective.

Affirmed.

V. J. BRENNAN, J., dissented. He would find that Lease Car was entitled to notice of cancellation because it was included as an insured in the policy. He believes that all insureds named anywhere within a policy of insurance are entitled to notice of cancellation of the policy. He would reverse.

OPINION OF THE COURT

1. INSURANCE — POLICY PROVISIONS — JUDICIAL CONSTRUCTION.

An unambiguous provision in an insurance policy must be interpreted as written; the courts can neither make a new agreement nor give it a meaning contrary to its express and unambiguous terms.

2. INSURANCE — CANCELLATION — NOTICE.

An insurer's failure to give notice of cancellation to all parties insured under a policy of insurance does not render the cancellation ineffective where the policy contains a provision authorizing cancellation upon notice to a specific named insured and the insurer complies with that provision.

DISSENT BY V. J. BRENNAN, J.

3. INSURANCE — CANCELLATION — NOTICE.

An insurer is required by statute to give notice of cancellation of a policy of insurance to all insureds named in the policy (MCL 500.3020[1][b]; MSA 24.13020[1][b]).

*Kemp, Klein, Endelman & Beer, P.C.* (by *James P. Davey* and *Charles J. Gerlach),* for plaintiff.

*Coticchio, Zotter & Sullivan, P.C.* (by *G. W. Coticchio),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiff, Lease Car of America, Inc., appeals as of right from a judgment of no cause of action entered in favor of defendant Michigan Mutual Insurance Company. Associated Gen-

eral Insurance Company, which issued the insurance policy here involved, is an affiliated company of Michigan Mutual.

Plaintiff leased a 1978 Mercedes Benz to defendant Stephen Rahn. The lease agreement provided that plaintiff would continue to hold title to the car and required Rahn to purchase insurance, including collision coverage, for the automobile. The lease agreement further provided that upon plaintiff's receiving notice of cancellation of the insurance policy it could, at its option, continue the policy and charge Rahn for the premium payments.

The case was heard by the court based upon the following stipulated facts and issues:

"That on or about October 8, 1977, codefendant Stephen Rahn, purchased a policy of insurance with the Associated General Insurance Company.

"That thereafter on October 8, 1978, said policy of insurance was renewed to expire on October 8, 1979 * * *.

"That from the inception of the policy dated October 8, 1978, the codefendant, Stephen Rahn, failed to make prompt and adequate payment of said premium, and as a result thereof, said policy was cancelled effective December 9, 1978 * * *.

"That the said policy provided that Stephen Rahn was the insured named in Item 1 of the Declaration under said policy of insurance. Further, that prior to the date of cancellation of said policy, by endorsement titled Extended Insurance, Lease Car of America was included as an 'Insured' as defined in said Endorsement * * *.

"The policy of insurance so issued was cancelled effective December 9, 1978, by giving notice to the named insured, Stephen Rahn * * *. Further, for the purpose of this stipulated statement of fact, it is agreed that the Associated General Insurance Company did not

give notice to the plaintiff, Lease Car of America, of the cancellation of said policy.

"On January 3, 1979, the codefendant Stephen Rahn was involved in an automobile collision, said collision damaging the said Mercedes Benz to a point where it is claimed that the repair of said described vehicle was not feasible.

"That upon learning of the damage to the said Mercedes Benz, Lease Car of America contacted Associated General regarding the filing of a claim. Associated General rejected plaintiff's claim contending that the policy in question was cancelled prior to the loss and that the defendant had no obligation to inform or advise Lease Car of America of the prior cancellation.

"Therefore, the issue to be decided by the court in this case is:

"1. Was Associated General Insurance Company required to give notice of cancellation to Lease Car of America?

* * *

"2. Is Associated General Insurance Company liable to Lease Car of America for the damages to the said Mercedes Benz for not giving notice of cancellation to Lease Car of America?"

The trial court held that under the terms of the policy and MCL 500.3020; MSA 24.13020 the insurer had no duty to notify plaintiff of the cancellation of the insurance policy. Plaintiff appeals. A default judgment has been entered in favor of plaintiff against defendant Rahn.

The policy provision governing cancellation, which is ¶ 16, provides in pertinent part:

"[I]f the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, *this policy may be cancelled by the company*

*by mailing to the insured named in Item 1 of the declarations* at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice." (Emphasis supplied.)

The "J-2" Endorsement reads in pertinent part:

"EXTENDED INSURANCE

"Coverages A, B, AND C—Bodily Injury Liability, Property Damage Liability and Automobile Medical Payments

"It is agreed: That, the unqualified word 'Insured' wherever used in Coverages A, B, and C and in other parts of this policy, when applicable to such coverages, includes the named insured, and, except where specifically stated to the contrary also includes Lease Car of America, 21517 Kelly Road, East Detroit, MI 48021."

The applicable statute, MCL 500.3020; MSA 24.13020, states in relevant part:

"(1) A policy of casualty insurance, except worker's compensation, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

* * *

"(b) That the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a 10 days' written notice of cancellation * * *."

Insurance policies, like all contracts, are agreements between two or more parties, which the courts must interpret and enforce. *Stein v Continental Casualty Co,* 110 Mich App 410, 418; 313 NW2d 299 (1981). Where a provision in the policy is unambiguous, it must be interpreted as written. The courts can neither make a new agreement for the parties nor give it a meaning contrary to its express and unambiguous terms. *Stein, supra; Vigilant Ins Co v Kambly,* 114 Mich App 683, 688; 319 NW2d 382 (1982).

In the instant case, ¶ 16 of the policy unambiguously provides that cancellation may be effected by the insurer mailing notice to the "insured named in Item 1 of the declarations". The only insured named in Item 1 of the declarations is Stephen Rahn.

Plaintiff argues that MCL 500.3020; MSA 24.13020 requires the insurer to give notice of cancellation to all parties who are insureds under the policy. Since plaintiff was an insured under the "J-2 Extended Insurance" endorsement, plaintiff argues that it was entitled to notice pursuant to the statute. Plaintiff relies on *Du Brul v American Manufacturers Mutual Ins Co,* 60 Mich App 299; 230 NW2d 404 (1975). In that case, plaintiff was the owner of a van which she used in her employment with a catering company. The van was insured by the defendant as part of the catering company's fleet policy. Defendant issued a certificate of insurance directly to plaintiff. The insurer cancelled the policy and notified the catering company but failed to notify plaintiff of the cancellation. Plaintiff was subsequently involved in an accident and the insurer refused coverage. The Court held that plaintiff was an insured under the policy and was therefore entitled to notice of

cancellation pursuant to MCL 500.3020; MSA 24.13020.

However, that case made no mention of any cancellation provision in the policy. In contrast, the policy involved herein contained a notice of cancellation provision which was fully complied with by the insurer. We hold that where the policy contains a provision authorizing cancellation upon notice to a specific named insured, and where the insurer complies with the policy provision, the insurer's failure to give notice to other parties insured under the policy does not render the cancellation ineffective. In cases where the policy contains a specific provision governing notice of cancellation, we do not believe the statute requires notice to all other insureds under the policy. To the contrary, we believe that, had the Legislature intended to impose such a requirement, it would have specifically used the phrase "all insureds" rather than the singular term "insured".

This Court is of the opinion that ¶ 16 of the policy was in compliance with MCL 500.3020(1)(b); MSA 24.13020(1)(b). Since the insurer fully complied with ¶ 16 by giving notice to the insured named in Item 1 of the declarations, Stephen Rahn, the cancellation was effective.

We note, as did the trial judge, that plaintiff could have protected itself from an unknown lapse in the policy by requiring the lessee to tender the insurance premiums directly to plaintiff, along with the lease payments.

Affirmed.

V. J. Brennan, J. *(dissenting).* I respectfully dissent. I find that Lease Car of America (LCA) was entitled to notice of cancellation because it was included as an insured in the policy. There is

no question but that LCA is mentioned in several places within the policy as an insured. MCL 500.3020(1)(b); MSA 24.13020(1)(b), states in pertinent part:

"(1) A policy of casualty insurance, except worker's compensation, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

                    *   *   *

"(b) That the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a 10 days' written notice of cancellation * * *."

I feel that under the statute the insurer was required to give notice of cancellation to all insureds within the policy. Therefore, the insurer's failure to notify the insured LCA should not result in a penalty to LCA.

The language of one lonely paragraph in the policy, to the exclusion of the language of the entire remaining insurance contract, surely cannot be construed as setting forth the only standard or requirement for notice. The insurance contract should be read as a whole and a simple reading of the contract in the present case reveals immediately who the insureds are. I believe that the appropriate test to be used in determining who is to receive notice pursuant to the statute, MCL 500.3020; MSA 24.13020, is simply *who* are the insureds within the contract, not *where* their names appear in the contract.

The insured is entitled to rely upon the language of MCL 500.3020; MSA 24.13020 more than

the mere arbitrary policy of the insurer as to where the insured's name should appear. If the insured's name does not appear in the appropriate place, the insurer is not entitled to hide behind its policy provision, or its designation of an insured as a "named insured", an "insured" or an "insured named in Item 1", to avoid its statutory obligation to serve notice of cancellation on all of the insureds named in the policy.

I would reverse.