LEASE CAR OF AMERICA, INC v RAHN

Docket No. 71554. Decided May 3, 1984. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the Court of Appeals and the trial court and remanded the case to the trial court for further proceedings. Rehearing denied *post,* 1213.

Lease Car of America, Inc., brought an action in the Macomb Circuit Court against Stephen R. Rahn, the lessee of an automobile owned by Lease Car, and Michigan Mutual Insurance Company, the insurer of the automobile, seeking recovery of insurance proceeds following destruction of the car beyond repair in a collision. The court, Raymond R. Cashen, J., entered a judgment of no cause of action in favor of Michigan Mutual, holding that coverage had lapsed because the policy had been canceled for nonpayment of the premium and that a notice of cancellation to Mr. Rahn alone was sufficient. The Court of Appeals, Bronson, P.J., and J. H. Gillis, J. (V. J. Brennan, J., dissenting), affirmed in an opinion per curiam (Docket No. 62120). The plaintiff applies for leave to appeal, alleging that under the Insurance Code, Michigan Mutual was required to notify it as well as Mr. Rahn of cancellation of the policy and that notice to Mr. Rahn alone was insufficient.

In a unanimous opinion per curiam, the Supreme Court *held:*

An insurer is required by the Insurance Code to notify "the insured" under a policy of cancellation of the policy. The purpose of the provision is to afford all of those who are insured under the policy time to revive it, to obtain other insurance, or otherwise to order their affairs so as to avoid the risk of operating without insurance. A provision in a policy calling for notice of cancellation to be given only to a "named insured" or a "designated insured" avoids the objective of the Insurance Code. A cancellation is ineffective with respect to an insured who is not notified.

Reversed and remanded.

124 Mich App 686; 335 NW2d 123 (1983) reversed.

*Kemp, Klein, Endelman & Beer, P.C.,* for the plaintiff.

*Coticchio, Zotter & Sullivan, P.C.,* for the defendant.

PER CURIAM. The issue for decision in this case is whether MCL 500.3020; MSA 24.13020 requires an insurance company to provide notice of cancellation of a policy to each party who qualifies as an "insured" under the policy or only to those insured under the policy who are designated as entitled to notice of cancellation pursuant to the terms of the policy. We conclude that the statute requires notice to each party who qualifies as an "insured" under the policy.

I

Plaintiff, Lease Car of America, Inc., leased an automobile to Stephen Rahn. Pursuant to the lease agreement, Mr. Rahn was to purchase insurance, including collision coverage, for the automobile. The lease agreement also provided that upon receipt by plaintiff of notice of cancellation of the insurance policy, it could, at its option, continue the policy and charge Mr. Rahn for the premium payments.

The case was submitted to the trial court on the following stipulated facts.

"That on or about October 8, 1977, codefendant Stephen Rahn, purchased a policy of insurance with the Associated General Insurance Company.

"That thereafter on October 8, 1978, said policy of insurance was renewed to expire on October 8, 1979 * * *.

"That from the inception of the policy dated October 8, 1978, the codefendant, Stephen Rahn, failed to make prompt and adequate payment of said premium, and as a result thereof, said policy was cancelled effective December 9, 1978 * * *.

"That the said policy provided that Stephen Rahn was the insured named in Item 1 of the declaration under said policy of insurance. Further, that prior to the date of cancellation of said policy, by endorsement titled Extended Insurance, Lease Car of America was included as an 'insured' as defined in said endorsement * * *.

"The policy of insurance so issued was cancelled effective December 9, 1978, by giving notice to the named insured, Stephen Rahn * * *. Further for the purpose of this stipulated statement of fact, it is agreed that the Associated General Insurance Company did not give notice to the plaintiff, Lease Car of America, of the cancellation of said policy.

"On January 3, 1979, the codefendant Stephen Rahn was involved in an automobile collision, said collision damaging the said Mercedes Benz to a point where it is claimed that the repair of said described vehicle was not feasible.

"That upon learning of the damage to the said Mercedes Benz, Lease Car of America contacted Associated General regarding the filing of a claim. Associated General rejected plaintiff's claim contending that the policy in question was cancelled prior to the loss and that the defendant had no obligation to inform or advise Lease Car of America of the prior cancellation."

The policy provision with regard to cancellation was paragraph 16, which provided in relevant part:

"[I]f the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, *this policy may be cancelled by the company by mailing to the insured named in Item 1 of the declarations* at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of

notice as aforesaid shall be sufficient proof of notice."
(Emphasis supplied.)

The endorsement which applies to the plaintiff
was known as "J-2" and provided in relevant part:

"EXTENDED INSURANCE
"Coverages A, B, and C—Bodily Injury Liability,
Property Damage Liability and Automobile Medical
Payments
"It is agreed: That, the unqualified word 'Insured'
wherever used in Coverages A, B, and C and in other
parts of this policy, when applicable to such coverages,
includes the named insured, and, except where specifi-
cally stated to the contrary also includes Lease Car of
America, 21517 Kelly Road, East Detroit, MI 48021."

Finally, a statute governing the necessity for
and manner of notification of cancellation also
bears on this matter. MCL 500.3020; MSA
24.13020 provides in pertinent part:

"(1) A policy of casualty insurance, except worker's
compensation, including all classes of motor vehicle
coverage, shall not be issued or delivered in this state
by an insurer authorized to do business in this state for
which a premium or advance assessment is charged,
unless the policy contains the following provisions:
                    *   *   *
"(b) That the policy may be canceled at any time by
the insurer by mailing to the insured at the insured's
address last known to the insurer or an authorized
agent of the insurer, with postage fully prepaid, a 10
days' written notice of cancellation * * *."

The trial court considered the policy language
together with the statutory language and found
that the defendant had complied with the contrac-
tual language of the policy and with the relevant
statutory language by notifying only Mr. Rahn.

Accordingly, a judgment of no cause of action was entered in favor of the defendant.

## II

On appeal, the Court of Appeals panel which considered this case was divided on the question whether the defendant satisfied its contractual and statutory obligations by simply notifying Mr. Rahn of the cancellation of the policy. The majority concluded that the trial court had correctly decided the matter, reasoning:

"We hold that where the policy contains a provision authorizing cancellation upon notice to a specific named insured, and where the insurer complies with the policy provision, the insurer's failure to give notice to the other parties insured under the policy does not render the cancellation ineffective. In cases where the policy contains a specific provision governing notice of cancellation, we do not believe the statute requires notice to all other insureds under the policy. To the contrary, we believe that, had the Legislature intended to impose such a requirement, it would have specifically used the phrase 'all insureds' rather than the singular term 'insured'. 124 Mich App 686, 692; 335 NW2d 123 (1983).

Judge BRENNAN dissented, observing:

"The language of one lonely paragraph in the policy, to the exclusion of the language of the entire remaining insurance contract, surely cannot be construed as setting forth the only standard or requirement for notice. The insurance contract should be read as a whole and a simple reading of the contract in the present case reveals immediately who the insureds are. I believe that the appropriate test to be used in determining who is to receive notice pursuant to the statute, MCL 500.3020; MSA 24.13020, is simply *who* are the insureds within the contract, not *where* their names appear in the contract.

"The insured is entitled to rely upon the language of MCL 500.3020; MSA 24.13020 more than the mere arbitrary policy of the insurer as to where the insured's name should appear. If the insured's name does not appear in the appropriate place, the insurer is not entitled to hide behind its policy provision, or its designation of an insured as a 'named insured', an 'insured' or an 'insured named in Item 1', to avoid its statutory obligation to serve notice of cancellation on all of the insureds named in the policy." 124 Mich App 693-694.

The plaintiff has filed an application for leave to appeal with this Court.

### III

In beginning the discussion of the merits of the plaintiff's contentions, it would be useful to recount what, because of the stipulations agreed on by the parties, is not in dispute. First of all, it is not disputed that the plaintiff was an insured under the insurance policy in question, at least in terms of potential liability on the part of the defendant for damage to the automobile should it have occurred prior to a valid cancellation. Second, it is not disputed that the accident which was the occasion of damage to the automobile leased by the plaintiff to Mr. Rahn occurred after the defendant had notified Mr. Rahn of the fact that the policy was being canceled. What is in dispute is whether, pursuant to the policy language itself, MCL 500.3020; MSA 24.13020, or both the policy language and the statute, the plaintiff was also entitled to notification that the policy was being canceled.

Let us first examine the question whether the policy language, standing alone, mandated that plaintiff receive notice of cancellation. We find the inescapable conclusion from a reading of the can-

cellation provision of the policy (¶ 16) is that only "the insured named in Item 1 of the declarations", that is, Mr. Rahn, had to receive notice of cancellation.

However, as noted, it cannot be disputed that the plaintiff was an insured under the policy and that reference to that fact is made at several points in the policy. The question then becomes whether the statute, MCL 500.3020; MSA 24.13020, requires notice of cancellation of a policy to be given to all insureds covered by the policy, not just to whatever individual insured the policy language may designate as entitled to notice.

We conclude that when the Legislature promulgated MCL 500.3020; MSA 24.13020 it contemplated that notice of cancellation pursuant to this statute would be afforded to all of the parties insured under the policy. The obvious objective of this statute is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever concerns have prompted cancellation and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. That objective cannot be achieved if the insurer, pursuant to policy language, need only notify a designated insured that cancellation is imminent.

In *Mutual Benefit Life-Ins Co v Comm'r of Ins,* 151 Mich 610, 615; 115 NW 807 (1908), this Court examined the consequences of the existence of certain provisions in a life insurance policy which differed to some extent from those standard provisions set forth in a statute. We stated:

"[T]he requirement that certain provisions shall be

and certain others shall not be incorporated in the policy requires us to say that no provisions should be inserted which have the effect of avoiding or nullifying the required provisions. We may, and perhaps should, go further and say that no provision may rightfully be used which shall, with or without action of the policy holder, materially change or avoid the statute scheme of the contract."

MCL 500.3020; MSA 24.13020 requires that notice of cancellation of a policy be given to "the insured" without limitation. The statute makes no exception for a "named insured", a "designated insured", or the like. On the contrary, the statute calls for notice to be afforded to "the insured". Thus, the provision in the policy calling for notice of cancellation to be given only to Mr. Rahn has the effect of avoiding the statutory scheme. Moreover, it is well settled that the insurance laws are to be liberally construed in favor of policyholders, creditors, and the public. *Dearborn National Ins Co v Comm'r of Ins,* 329 Mich 107, 118; 44 NW2d 892 (1950).

Accordingly, we conclude that the defendant was required to provide notice of cancellation to the plaintiff. It did not do so. Therefore, as to the plaintiff, the policy was in effect at the time of the accident in question. Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgments of the Court of Appeals and of the Macomb Circuit Court, and we remand the case to the Macomb Circuit Court for further proceedings not inconsistent with this opinion.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.