## BRILEY v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 71668. Submitted October 4, 1984, at Lansing.—Decided February 6, 1985. Leave to appeal applied for.

Theodore Briley was employed by the defendant, Detroit Automobile Inter-Insurance Exchange, as a claims adjuster. Among the benefits received as compensation for his employment were health insurance and an automobile leased by defendant from Don McCullagh Leasing, Inc. Defendant paid for all vehicle operating costs, subject to reimbursement from plaintiff at $.09 per mile for every mile used on personal business. Included in the operating costs paid by the defendant was no-fault insurance under a fleet policy in which defendant was also the insurer. The policy contained a coordination-of-benefits clause. While driving the leased car on personal business plaintiff was involved in an automobile accident which resulted in injury to his wife Barbara, who was a passenger at the time. Mrs. Briley incurred medical bills which were paid under plaintiff's employer-provided Blue Cross & Blue Shield health insurance policy. Plaintiff had also purchased no-fault insurance policies from the defendant for three personally owned vehicles and had expressly opted for uncoordinated coverage under those policies. However, because Barbara Briley's injuries were sustained while riding in the leased car, she was required to apply for personal protection insurance benefits under the fleet insurance policy. When her application for benefits was denied, the Brileys commenced an action for benefits and attorney fees. In granting the defendant's motion for summary judgment, the Washtenaw Circuit Court, Patrick J. Conlin, J., held that, because the fleet policy identified plaintiff as named principal driver, he and his wife were prohibited from collecting under the coordination-of-benefits provision of the insurance policy. The court further held that the no-fault act did not, under

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 67, 368.

Validity and construction of "no-fault" automobile insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

these circumstances, entitle plaintiff to the option of purchasing noncoordinated benefits and that defendant's refusal to provide such coverage under the fleet policy did not thereby invalidate an otherwise enforceable coordination-of-benefits clause. The Brileys appealed. *Held:*

A coordination-of-benefits clause in an insurance policy bars duplicate recovery wherever no-fault benefits are paid to a person specifically named in the policy, including a named principal driver and his spouse, neither of whom is the named insured.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — COORDINATION OF BENEFITS.

A coordination-of-benefits clause in an insurance policy bars duplicate recovery wherever no-fault benefits are paid to a person specifically named in the policy, including a named principal driver and his spouse, neither of whom is the named insured (MCL 500.3109a; MSA 24.13109[1]).

*Robert E. Logeman, P.C.* (by *Robert E. Logeman*), for plaintiff.

*Conlin, Conlin, McKenney & Philbrick* (by *Allen J. Philbrick*), for defendant.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

M. J. KELLY, J. Plaintiffs appeal as of right from an order of summary judgment under GCR 1963, 117.2(1) denying Barbara Briley redundant personal protection insurance benefits for injuries sustained in an automobile accident. We affirm.

Theodore Briley has been employed by the defendant as a claims adjuster for approximately 16 years. Among the benefits received as compensation for his employment are health insurance and an automobile leased by defendant from Don Mc-Cullagh Leasing, Inc. Defendant pays for all vehicle operating costs, subject to reimbursement from

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

plaintiff at $.09 per mile for every mile used on personal business. Included in the operating costs paid by the defendant is no-fault insurance under a fleet policy in which defendant is also the insurer. The policy contains a coordination-of-benefits clause as authorized under § 3109a of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

While driving the leased car on personal business on November 30, 1980, plaintiff was involved in an automobile accident which resulted in injury to his wife Barbara, who was a passenger at the time. Mrs. Briley incurred medical bills of over $3,000 which were paid under plaintiff's employer-provided Blue Cross & Blue Shield health insurance policy. Plaintiff had also purchased no-fault insurance policies from the defendant for three personally owned vehicles and had expressly opted for uncoordinated coverage under those policies. However, because Barbara Briley's injuries were sustained while riding in the leased car, she was required to apply for personal protection insurance benefits under the fleet insurance policy. When her application for benefits was denied, the Brileys commenced the instant action for benefits and attorney fees.

In granting the defendant's motion for summary judgment, the trial court held that, because the fleet policy identified plaintiff as named principal driver, plaintiff was prohibited from collecting under the coordination-of-benefits provision of the insurance policy. The court further held that § 3109a did not, under these circumstances, entitle plaintiff to the option of purchasing noncoordinated benefits and that defendant's refusal to provide such coverage under the fleet policy did not thereby invalidate an otherwise enforceable coordination-of-benefits clause.

Section 3109a of the no-fault act provides:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and *shall apply only to benefits payable to the person named in the policy, the spouse of the insured* and any relative of either domiciled in the same household." (Emphasis added.) MCL 500.3109a; MSA 24.13109(1).

The question framed by plaintiffs in this case is whether "the person named in the policy", as that term is used in § 3109a, refers only to the named insured. In the fleet policy involved in this case, the named insured is identified as "DAIIE or Don McCullagh Leasing, Inc.". If, as plaintiffs argue, "person named in the policy" is synonymous with "named insured", then the coordination-of-benefits clause does not apply to plaintiff or his wife and Barbara Briley is not precluded from obtaining duplicate coverage for her injuries. We reject plaintiffs' strained analysis of § 3109a as contrary to the clear intent of the Legislature in enacting that provision of the no-fault act.

Section 3109a is intended "to contain and reduce insurance costs" by protecting insurance carriers from duplicate reimbursement. *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 197; 301 NW2d 775 (1981); *Dean v Auto Club Ins Ass'n,* 139 Mich App 266; 362 NW2d 247 (1984). To accomplish this objective, § 3109a provides that a coordination-of-benefits clause applies "to *benefits payable* to the person named in the policy" (emphasis added). Under the policy at issue in this case, any personal protection insurance benefits

are payable to plaintiff, his wife or some other relative domiciled with him. Personal injury protection benefits would never be payable to the corporate entities. Thus, under plaintiff's interpretation of § 3109a, the coordination-of-benefits clause in the instant policy is ineffectual since a named insured will never be the recipient of the benefits payable. The same result would follow in any instance involving automobiles leased to employers for assignment to individual employees as principal drivers. We reject such an analysis and result.

We choose instead to construe § 3109a as a bar to duplicate recovery wherever no-fault benefits are payable to a person specifically named in the policy, including the named principal driver. In this case, plaintiff is the named principal driver in the policy. Benefits payable to his wife are thus subject to the coordination-of-benefits clause and Barbara Briley is precluded from recovering no-fault benefits under the fleet policy.

We find support for our position in *Lease Car of America, Inc v Rahn,* 419 Mich 48; 347 NW2d 444 (1984), in which the Supreme Court interpreted the notice of cancellation statute, MCL 500.3020; MSA 24.13020, requiring insurers to provide a 10-day notice of cancellation to "the insured". The issue was whether the term "insured" was synonymous with the term "named insured" or whether the "insured" referred to any person insured under a particular policy. In *Rahn,* plaintiff was the lessor-owner of an automobile which it leased to the defendant and which was covered by a no-fault insurance policy purchased by the defendant. The defendant was the named insured and plaintiff was endorsed as an insured. The Supreme Court held that the insurer was required to notify both

parties, rejecting any interpretation of the term "insured" as "named insured" only.

Plaintiffs' reliance on *Bierbusse v The Farmers Ins Group of Companies,* 84 Mich App 34, 36; 269 NW2d 297 (1978), and *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), *lv den* 396 Mich 864 (1976), is misplaced. The question in those cases was primarily one of domicile where the named insured and his wife were separated. Neither case involved or addressed the issue of whether a "person named in a policy" was synonymous with a named insured. The Court's use of those terms interchangeably is attributable to the fact that in both cases, the two terms described the same person.

In *Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675; 333 NW2d 322 (1983), also relied upon by the plaintiffs, the Court considered whether a code designation sufficed to qualify a principal driver as "the person named in the policy" under MCL 500.3114; MSA 24.13114. This Court held that it did, noting that, for purposes of identifying the person with whom a claimant must be domiciled in order to collect no-fault benefits, "the person named in the policy" is the named insured. Plaintiffs rely on *obiter dicta* from that case in which the Court declined to find any distinction between the two terms. We are not persuaded by the dicta given the different statutory language and policies involved.

Plaintiffs alternatively argue that the coordination-of-benefits clause in the fleet policy is unenforceable because plaintiffs were denied the option of noncoordinated coverage contrary to § 3109a. Section 3109a however, does not require an *employer* to provide an election between coordinated and uncoordinated policies. Defendant denied plaintiff's request to purchase noncoordinated ben-

efits in its role as the employer and not as the insurer. Defendant, as employer, purchased the no-fault insurance policy and, as purchaser-employer, elected coordinated benefits. Defendant, as employer, likewise purchased the Blue Cross & Blue Shield policy under which Barbara Briley was reimbursed for her medical costs. As a consumer, therefore, defendant understandably sought to purchase for its employees and their families the most cost-effective medical insurance available and thus opted for a fleet policy containing a coordination-of-benefits clause. We find nothing improper in this husbandry and we affirm the trial court's order of summary judgment.

Inasmuch as defendant did not unreasonably refuse to pay benefits, attorney fees are not authorized. MCL 500.3148(1); MSA 24.13148(1).

Affirmed.