PHIPPS v STATE FARM MUTUAL INSURANCE COMPANY
(AFTER REMAND)

Docket No. 146858. Submitted March 17, 1994, at Lansing. Decided
July 6, 1994, at 9:10 A.M. Leave to appeal sought.

Lawrence H. Phipps brought an action in the Genesee Circuit
Court against State Farm Mutual Insurance Company, Mary C.
Markell and Jack D. Watkins, doing business as Watkins
Insurance Agency, seeking a declaration that State Farm was
liable for no-fault benefits for injuries the plaintiff sufferd when
his motorcycle collided with an automobile driven by Richard
Craven. The automobile was titled in the name of Markell,
Craven's fiancee, but the policy of insurance issued by State
Farm listed Craven as the named insured and Markell as an
occasional driver. The address furnished on the application was
that of Markell's grandmother, with whom Markell and Craven
were living. Before the accident, State Farm sent notice of
cancellation to Craven at the address on the application; how-
ever, by that time, Craven had moved out, and neither Craven
nor Markell were aware of the cancellation at the time of the
accident. Following a bench trial, the court, Donald R. Free-
man, J., entered a declaratory judgment for State Farm, hold-
ing that the policy had been canceled validly and that no
contract of insurance existed between State Farm and Markell.
The plaintiff appealed. The Court of Appeals, CAVANAGH, P.J.,
and JANSEN, J. (GRIFFIN, J., dissenting), affirmed the determina-
tion that no valid contract of insurance existed between Mar-
kell and State Farm, but remanded for the trial court to
address the question whether Markell was entitled to notice of
cancellation as an insured under Craven's policy. Unpublished
opinion per curiam, decided February 8, 1991 (Docket No.
115999). On remand, the trial court ruled that Markell was not
entitled to notice of cancellation of the policy. The plaintiff
appealed.

After remand, the Court of Appeals *held:*

Because Markell was listed on the application as a regular
driver of the automobile rather than as a named insured and
there was nothing on the application to indicate to State Farm
that Markell had an insurable interest in the automobile, she

was not entitled to notice of cancellation under these circumstances.

Affirmed.

*Michael J. Mangapora, P.C.* (by *Rex A. Ziebarth*), for the plaintiff.

*Douglas M. Philpott, P.C.* (by *Douglas M. Philpott*), for the defendants.

AFTER REMAND

Before: TAYLOR, P.J., and WEAVER and M. R. SMOLENSKI,* JJ.

PER CURIAM. The facts of this case were ably set out in the dissent in *Phipps v State Farm Mutual Ins Co,* unpublished opinion per curiam of the Court of Appeals, decided February 8, 1991 (Docket No. 115999).

> On August 14, 1985, plaintiff, while driving his motorcycle, collided with an automobile driven by Richard Craven. Although the automobile apparently was titled in the name of Craven's fiancee, Mary Markell, a policy of automobile insurance with State Farm was obtained for the vehicle that listed Richard Craven as the named insured, with Mary Markell designated as an occasional (forty percent) driver.
>
> The State Farm policy was obtained on May 7, 1985, through the joint efforts of Craven and Markell. On that date, Craven and Markell were living together with their two children at the home of Markell's grandmother, Ella Markell. Despite the two children that were the product of their longstanding relationship, Craven and Markell were not legally married; they termed their relationship as being engaged to be married.
>
> On May 7, 1985, Markell went to a State Farm

---

* Circuit judge, sitting on the Court of Appeals by assignment.

insurance agency to obtain automobile insurance for the vehicle. Before the visit, Craven had telephoned the agency advising of the visit and had supplied essential information. During the brief meeting with the insurance agency, Markell signed an insurance application in her capacity as fiancee of the named insured, Richard Craven. The only address furnished on the application was Markell's grandmother's: 11605 S. Morrice Road, Morrice, Michigan, 48857. With payment of the initial premium, a certificate of no-fault insurance was issued to Richard L. Craven.

\* \* \*

Shortly after its issuance, State Farm decided to cancel the policy, after reviewing Craven's bad driving record. On May 24, 1985, State Farm mailed a notice of cancellation by certified mail to Richard L. Craven at the address listed on the application, 11605 S. Morrice Road, Morrice, Michigan, 48857. The certified letter was received and signed for by Ella Markell, grandmother of Mary Markell, on May 25, 1985. Ella Markell, thereafter, gave the certified letter to Mary Markell, who delivered it to Craven. Mary Markell claims that she did not open the certified letter from State Farm and was unaware of its contents. At the time of the delivery of the certified letter, Craven had moved out of the grandmother's house because of a fluctuating "marital" dispute with Mary.

Plaintiff brought a declaratory judgment action against State Farm Mutual Insurance Company, Watkins Insurance Agency, and Mary Markell, seeking to establish that defendant State Farm was liable for no-fault benefits for injuries resulting from the accident. State Farm denied liability, alleging that the insurance policy was written for Richard Craven, not Mary Markell, and that the policy had been canceled. Following a bench trial, the trial court entered a declaratory judgment in favor of State Farm, holding that the insurance

policy issued to Craven was validly canceled and that a valid contract of automobile insurance was not entered into between Markell and State Farm.

Plaintiff appealed as of right. This Court ruled that there was no valid contract of automobile insurance between Markell and State Farm and remanded for the trial court to address the question whether Markell was entitled to notice of cancellation as an insured under Craven's policy. On remand, the trial court ruled that Markell was not entitled to notice, because Markell and Craven were family members living in the same household when State Farm canceled the policy.

Plaintiff now appeals as of right. We affirm.

MCL 500.3020; MSA 24.13020 requires an insurance company to provide notice of cancellation of a policy to each party who qualifies as an "insured" under the policy. *Lease Car of America, Inc v Rahn,* 419 Mich 48; 347 NW2d 444 (1984). The Court in *Lease Car* explained the purpose of this rule as follows:

> The obvious objective of this statute is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever concerns have prompted cancellation and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Id.,* p 54.]

In the instant case, Richard Craven was listed as the insured on the application for insurance. Mary Markell was listed on the application only as a regular driver of the car. There is nothing on the application to indicate that Markell had an insurable interest in the car, or that she would otherwise need to receive notice of the cancellation for the reasons listed.

Thus, we hold that under the facts of this case, there was no need for Markell to receive notice of the cancellation.

We affirm.