Kelly, J.
([concurring in part and dissenting in part). I agree with the majority’s conclusion that MCL 500.3020 does not require actual notice. I also agree that the statute does require written notification of an insurance policy’s cancellation reasonably calculated to arrive at the insured’s address at least ten days before cancellation.
I depart from the majority when it narrows the notice requirement of MCL 500.3020 with its interpretation of subsection 5. That subsection creates a rebuttable presumption that proper mailing under MCL 500.3020(1)(b) evidences notice.[1] Because proper notice is that which arrives at least ten days before the cancellation date,[2] the presumption should be rebuttable by evidence that the notice did not arrive in a timely manner. The majority errs to the extent that it states that the presumption is rebuttable only with evidence that the notice did not arrive at all. In so concluding, it eviscerates the requirement that notice arrive at least ten days before cancellation. Ante at 484, n 8.
Although the majority’s misconstrual of subsection 5 is arguably dictum and is set forth without substantive analysis, lower courts are likely to rely on it. Moreover, the error underlies the majority’s entire *490 analysis of MCL 500.3020, which runs contrary to the notion that it should be interpreted to benefit the insured. The analysis brushes aside the statutory objective that the insured have ten days to act on a notice of cancellation. See Lease Car of America, Inc v Rahn, 419 Mich 48, 54; 347 NW2d 444 (1984). By failing to recognize that proper mailing is only prima facie proof of the required ten days’ notice, the majority minimizes the statutory notice requirement to the point of obscurity.
The majority acknowledges that proof of proper mailing is rebuttable evidence of proper notice. However, it simultaneously renders that proposition toothless by asserting that a first-class, postage-paid mailing “inform [s] with regard to when actual delivery took place.” Ante at 483. The majority finds that the only question here is whether defendant’s mailing was reasonably calculated to arrive at the insured’s address at least ten days before the date of cancellation. Ante at 485. This amounts to a refusal to give effect to the statutory mandate that proper mailing is prima facie proof of notice, not irrefutably presumptive notice.
The majority is mistaken in limiting MCL 500.3020 to a mailing requirement rather than a notice requirement. The statute by its language requires that written notice arrive at the insured’s address at least ten days before concellation.
On remand, I would direct the trial court to determine (1) whether defendant’s notice was reasonably calculated to arrive at least ten days before the cancellation date, and (2) if so, whether there is evidence proving that the notice did not in fact arrive at least ten days before the cancellation date.

 “The mailing of notice is prima facie proof of notice.” MCL 500.3020(5).

 As described by the statute, “a not less than 10 days’ written notice ____” MCL 500.3020(l)(b).