*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC, and
MCLAREN MACOMB,

UNPUBLISHED
August 17, 2023

Plaintiffs-Appellees,

v

No. 362662
Wayne Circuit Court
LC No. 21-004516-NF

PROGRESSIVE MICHIGAN INSURANCE ,

Defendant-Appellant.

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

PER CURIAM.

Defendant, Progressive Michigan Insurance, appeals as of right the trial court's order denying its motion for summary disposition and entering judgment in favor of plaintiffs, Michigan Head & Spine Institute, PC, and McLaren Macomb. We vacate, reverse, and remand for further proceedings.

## I. BACKGROUND

Plaintiffs, medical providers, are seeking payment for services rendered to Patricia Bryant pursuant to the no-fault statute. Bryant was insured under an automobile policy issued by the defendant with a policy period covering February 19, 2020 to August 19, 2020. However, Bryant failed to pay her May 2020 policy premium, and as a result, on May 26, 2020, defendant sent Bryant a cancellation notice stating, in relevant part:

Unfortunately, we didn't receive your payment and, as a result, your policy will be canceled at 12:01 a.m. on June 6, 2020. Please know that this means you will no longer have insurance coverage. We value you as a customer and want to continue being your insurance provider. To avoid cancellation, please send us your payment by check or money order so that it is received or postmarked by 12:01 a.m. on June 6, 2020. This way, there will be no lapse in your coverage.

Defendant never received payment of the premium and the policy was canceled effective June 6, 2020. On June 7, 2020, defendant sent a final bill to Bryant, confirming that the policy was canceled effective June 6, 2020, and advising that she still had a remaining balance due.

-1-

On June 11, 2020, after the policy was canceled, Bryant was operating a motor vehicle while traveling east on 13 Mile Road. Bryant suffered a medical emergency while driving, crossed the center line, and struck a westbound vehicle. Plaintiffs provided medical services to Bryant for bodily injuries she suffered in the motor vehicle accident.

Following the accident, on June 14, 2020, Bryant contacted defendant to reinstate the policy. Defendant's representative advised Bryant that she needed to confirm that no loss occurred between June 6, 2020 and June 14, 2020 in order to reinstate the policy. Bryant incorrectly reported to defendant that the accident occurred on June 4, 2020. Defendant relied on Bryant's statement to reinstate the policy on June 14, 2020, without a lapse in coverage. Bryant was then forwarded to a different representative of defendant and made a claim for the alleged June 4, 2020 accident.

Defendant's investigation of Bryant's claim revealed that the accident actually occurred on June 11, 2020. As a result, defendant denied Bryant's claim. Plaintiffs filed their complaint on April 7, 2021, seeking payment for first-party no-fault benefits under the policy.

On March 22, 2022, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that the policy under which plaintiffs were claiming coverage was canceled effective June 6, 2020, before the accident occurred. Defendant stated that it complied with MCL 500.3020(1)(b) by providing 10-days' notice prior to the cancellation for nonpayment. Defendant argued that it mailed the notice to Bryant, as evidenced by the proof of mailing, on May 26, 2020, and that proof of mailing is prima facie proof of notice under MCL 500.3020(5). Defendant stated that the notice advised Bryant that her premium payment was not received on time and that the policy would be canceled effective June 6, 2020, unless Bryant chose to pay the delinquent premium by that date. Bryant failed to pay the premium by June 6, 2020, resulting in the policy's cancellation, and the accident occurred on June 11, 2020. Defendant argued that, therefore, on the date of the accident, no policy was in effect.

Defendant further argued that it only accepted Bryant's premium payment in reliance on Bryant's statement that the accident occurred on June 4, 2020—had defendant known the accident occurred on June 11, 2020, after the policy was canceled, the policy would not have been reinstated. Defendant elaborated that the policy contained a fraud or misrepresentation provision that stated in pertinent part:

> When we have not voided or reformed the policy, we may still deny coverage for an accident or loss if you, in connection with the policy application, in connection with any requested change, or at any time during the policy period, have concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct and that concealment, misrepresentation, or fraudulent conduct was material to a risk we assumed.

Defendant argued that assuming Bryant's misrepresentation was innocent, the Michigan Court of Appeals has held that personal protection insurance coverage may be denied for an insured's innocent misrepresentation. Defendant argued that the elements for innocent misrepresentation were established as Bryant's misrepresentation of the date of the accident was made in connection with the

making of a contract—the reinstatement of her insurance policy. As a result, defendant concluded that it properly denied coverage for the accident.[1]

Plaintiffs argued in response that defendant's cancellation notice was untimely and not unconditional as required by MCL 500.3020(1)(b). Plaintiffs stated that Bryant could not have received the requisite ten days' notice if the notice was mailed on May 26, 2020, advising of a cancellation effective June 6, 2020. Plaintiffs argued that this case was governed by the ruling in *Yang v Everest Natl Ins Co*, 507 Mich 314, 318; 968 NW2d 390 (2021). Plaintiffs argued that defendant's May 26, 2020 cancellation notice was invalid and ineffective because it was conditioned on Bryant's failure to make a premium payment in the future and was not peremptory, explicit, and unconditional. Plaintiffs further stated that there was no fraud or misrepresentation by Bryant in the procurement of the policy and that any analysis of a fraud claim is inapplicable if the policy cancellation is deemed ineffective. Therefore, plaintiffs argued that defendant's motion for summary disposition must be denied.

In reply, defendant argued that *Yang* was inapplicable to the instant matter because, unlike the notice in *Yang*, the notice of cancellation in this case was mailed after non-payment had occurred and there was no triggering event left to occur as there was in *Yang*. Defendant argued that the notice was not conditioned on a failure to make a future payment; rather, the failure to make the payment already occurred. In *Yang*, the notice informed the insured that the premium was due by a future date, and if not paid by that future date, then the policy would be canceled. Defendant argued that the notice here was made to inform Bryant that the policy would be canceled on June 6, 2020, and gave her the opportunity to get her affairs in order by either paying her past due premium or by obtaining other insurance, in compliance with MCL 500.3020(1)(b)'s notice requirement.

The trial court heard defendant's motion for summary disposition on July 12, 2022, and found that defendant's May 26, 2020 letter of cancellation did not satisfy the language set forth by *Yang*, requiring that a cancellation notice be preemptory, explicit, and unconditional. The trial court held that because a cancellation notice must be unconditional to be effective, and the May 26, 2020 letter contained conditional language, the letter did not constitute a valid cancellation notice pursuant to MCL 500.3020(1)(b). The trial court further found that the letter sent on June 7, 2020, also was not a valid cancellation notice because it "was not within the ten days from which the accident occurred on June 11, 2020." Therefore, the trial court denied defendant's motion for summary disposition and entered an order in that regard on August 1, 2022.

On August 17, 2022, the trial court entered a final order of judgment in favor of plaintiffs in the total amount of $46,824, "inclusive of all claims and benefits recoverable under the No-Fault Act with respect to any and all services provided to Patricia Bryant, including but not limited to attorneys' fees and interest, through August 12, 2022."

---

[1] Plaintiffs' response and the trial court's denial of defendant's motion, which is discussed in more detail below, reasoned that defendant's cancellation of the policy was ineffective, meaning that the policy was not reinstated because it was never canceled in the first place. This rendered defendant's argument regarding the policy's fraud or misrepresentation provision irrelevant for purposes of this appeal.

This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). Thus, a motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. When deciding such a motion, courts must consider all evidence in a light most favorable to the nonmoving party. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

Questions of law involving statutory interpretation are reviewed de novo. See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008); *Frierson v West American Ins Co*, 261 Mich App 732, 734; 683 NW2d 695 (2004).

## III. ANALYSIS

The trial court erred when it denied defendant's motion for summary disposition on the ground that defendant's notice of cancellation was ineffective.

MCL 500.3020 provides in relevant part:

> (1) A policy of casualty insurance, except worker's compensation and mortgage guaranty insurance, including all classes of motor vehicle coverage, shall not be issued or delivered in this state by an insurer authorized to do business in this state for which a premium or advance assessment is charged, unless the policy contains the following provisions:

> * * *

> (b) . . . that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

The outcome of this case depends on the meaning of the phrase "notice of cancellation" as used in MCL 500.3020(1)(b), which is not defined by the statute. *Yang*, 507 Mich at 323. The Michigan Supreme Court interpreted this phrase in *Yang*. *Id*. at 325-326. In *Yang*, the insured plaintiffs purchased a six-month no-fault policy from the defendant insurance company. *Id*. at 317. The policy went into effect on September 26, 2017, when Yang, the primary insured party on the policy, made the first premium payment. *Id*. On October 9, 2017, approximately two weeks after Yang made the first payment, defendant sent him a letter titled "Premium Billing and Cancellation Notice for Non-Payment," in accordance with the termination provisions in the policy. *Id*. The notice informed Yang that his next premium payment was due on October 26, 2017, and that the policy

would be canceled if he failed to pay by that date. *Id.* When the cancellation notice was mailed, Yang had made all the required payments. *Id.* at 318. Yang then failed to make the payment due on October 26, 2017. *Id.* The defendant terminated Yang's policy on October 27, 2017, for nonpayment. *Id.* On October 30, 2017, the defendant sent Yang a letter informing him that the defendant would reinstate his policy with a lapse in coverage if he made a payment by November 27, 2017. *Id.* Yang did not make another payment to reinstate the policy, and the plaintiffs were struck by a motor vehicle while walking on November 15, 2017. *Id.* Two days after the accident, Yang made a payment to the defendant to reinstate the insurance policy. *Id.* The defendant denied plaintiffs' claim, stating that it was not responsible for PIP benefits because Yang did not have a valid policy when the accident occurred. *Id.*

The Michigan Supreme Court held that MCL 500.3020(1)(b) does not allow cancellation when an insurance company "mails its customer a letter purporting to be a notice of cancellation for nonpayment of insurance premiums *before* any nonpayment actually occurred." *Id.* at 317 (emphasis added). The Court interpreted MCL 500.3020(1)(b)'s phrase "notice of cancellation" to require cancellation notices to be "peremptory, explicit, and unconditional." *Id.* at 325-326. The Court found that the defendant's cancellation notice was conditional because it "specifically included the condition that Yang's no-fault insurance policy would be canceled *if* he failed to pay his insurance premiums on time." *Id.* at 325-326. Given its holding that a cancellation notice must be unconditional to be effective, the Court concluded that the notice the defendant sent Yang did not constitute a valid cancellation notice under MCL 500.3020(1)(b).

Unlike in *Yang*, defendant in this case mailed the notice of cancellation *after* nonpayment occurred. Defendant issued the notice of cancellation on May 26, 2020, after Bryant missed a payment on May 19, 2020. The notice stated, "Unfortunately, we didn't receive your payment and, as a result, your policy *will be* canceled at 12:01 a.m. on June 6, 2020. Please know that this means you *will* no longer have insurance coverage." (Emphasis added.) This language was peremptory, explicit, and unconditional that there were no further conditions necessary for the policy's cancellation to occur. The cancellation notice necessarily had to refer to a future date—and thus use words and phrases like "will be"—because defendant was statutorily mandated to give 10-days' notice for the cancellation to be effective under MCL 500.3020(1)(b).[2]

The trial court erred when it determined that the notice contained conditional language to avoid cancellation and was therefore invalid under MCL 500.3020(1)(b). As stated, Bryant had already missed her May 2020 premium payment when she received the May 26, 2020 cancellation notice stating that "your policy will be cancelled at 12:01 a.m. on June 6, 2020." No further condition existed for cancellation to occur. While it is true that the notice gave Bryant a remedy to avoid cancellation for her failure to pay her premium, that did not render the notice conditional. Again, the notice did not condition the cancellation of the policy on any future event. Bryant had already failed

---

[2] MCL 500.3020(1)(b)'s 10-day notice requirement has been interpreted by the Michigan Supreme Court "to mean that the mailing must be reasonably calculated to be delivered so as to arrive at the insured's address at least ten days before the date specified for cancellation for the notice to be effective." *Nowell v Titan Ins Co*, 466 Mich 478, 484; 648 NW2d 157 (2002). On appeal, plaintiffs do not dispute that the May 26, 2020 cancellation notice was timely. Plaintiffs sole argument regarding the cancellation notice is that it was conditional, and thus invalid.

to pay her premium, and the notice advised her that cancellation would occur upon completion of the 10-day notice period as required by MCL 500.3020(1)(b). This notice was clearly different from the notice mailed to Yang *prior to* his failure to make a payment.

Moreover, the trial court's apparent reasoning that the cancellation notice was conditional because it gave Bryant the option to maintain her policy by paying her past due premium by June 6, 2020, runs counter to the very purpose of MCL 500.3020. Our Supreme Court explained that the "obvious objective" of MCL 500.3020 is

> to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either *to satisfy whatever concerns have prompted cancellation and thus revive the policy* or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Lease Car of Am, Inc v Rahn*, 419 Mich 48, 54; 347 NW2d 444 (1984) (emphasis added).]

Defendant's notice of cancellation allowed Bryant the option to satisfy defendant's concern that prompted cancellation—Bryant's failure to pay her premium—and thus avoid cancellation. Allowing Bryant to take certain affirmative steps to avoid cancellation does not make the cancellation notice "conditional" because again, no further condition was necessary for cancellation to occur. Perhaps more importantly, it was in accordance with the "obvious objective" of MCL 500.3020(1)(b).

Therefore, because defendant's May 26, 2020 notice of cancellation was "peremptory, explicit, and unconditional" in compliance with MCL 500.3020(1)(b), the policy under which plaintiffs are claiming coverage was canceled effective June 6, 2020, before Bryant's motor vehicle accident on June 11, 2020.

Accordingly, we vacate the trial court's final judgment in favor of plaintiffs, reverse the trial court's order denying defendant's motion for summary disposition on the ground that defendant's notice of cancellation was ineffective, and remand for further proceedings to allow the trial court to address the remainder of defendant's motion for summary disposition.[3] We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs under MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Jane E. Markey

---

[3] As explained, defendant argued in its motion for summary disposition that Bryant's misrepresentation about the date of the accident was a fraud that vitiated the creation of a new contract—the reinstatement of the policy. In denying defendant's motion for summary disposition, the trial court reasoned that defendant's cancellation of the policy was ineffective, meaning that the policy was not reinstated because it was never canceled in the first place. Given our holding that defendant's cancellation of the policy was in fact effective, the trial court must now address the remainder of defendant's motion for summary disposition.