*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERMAINE TURNER,

      Plaintiff-Appellee,

v

USA UNDERWRITERS,

      Defendant-Appellant.

UNPUBLISHED
December 14, 2023

No. 363280
Wayne Circuit Court
LC No. 21-013533-NF

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order granting plaintiff's motion for reconsideration of the trial court's decision to grant summary disposition in favor of defendant. We reverse and remand for the trial court to enter an order granting defendant's motion for summary disposition.

## I. BACKGROUND

Plaintiff purchased an automobile insurance policy from defendant on April 13, 2021. The policy was for six months, and plaintiff elected to pay in monthly installments. Plaintiff's first installment payment was due on May 2, 2021. As of May 4, 2021, defendant had not received plaintiff's payment, so it sent plaintiff a notice of cancellation. The notice was dated May 4, 2021, and it stated that plaintiff's policy would be canceled on May 14, 2021, if plaintiff failed to cure his missed payment before that time.

Plaintiff made no further payments on the policy. On May 26, 2021, plaintiff was involved in an automobile collision. Plaintiff brought this action to recover no-fault benefits from defendant.

---

[1] *Turner v USA Underwriters*, unpublished order of the Court of Appeals, entered March 10, 2023 (Docket No. 363280).

Defendant moved for summary disposition, arguing that plaintiff did not have coverage with defendant as of the date of the accident pursuant to the May 4, 2021 cancellation notice. Plaintiff disagreed, arguing that the May 4, 2021 cancellation notice did not comply with MCL 500.3020(1)(b) because it was not unconditional; according to plaintiff, cancellation was conditioned on plaintiff not making a future payment.

The trial court initially granted defendant's motion for summary disposition but, upon reconsideration, denied the motion. The trial court ultimately agreed with plaintiff that defendant's May 4, 2021 notice of cancellation was conditional and therefore did not comply with the requirements of MCL 500.3020(1)(b). This appeal followed.

## II. STANDARD OF REVIEW

The crux of this appeal concerns whether defendant's May 4, 2021 notice of cancellation complied with MCL 500.3020(1)(b). This involves a matter of statutory interpretation, which is reviewed de novo. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). A trial court's decision to grant or deny a motion for summary disposition is also reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Although defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), defendant's motion relied on evidence outside of the pleadings, and the trial court correspondingly considered evidence outside of the pleadings when rendering its decision. We therefore interpret the trial court as having only considered the motion under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). A motion under MCR 2.116(C)(10) is properly granted if "there is no genuine issue as to any material fact[] and the moving party is entitled to judgment as a matter of law . . . ." A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might differ. *El-Khalil*, 504 Mich at 160.

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *In re Ingham County Treasurer for Foreclosure*, 331 Mich App 74, 77; 951 NW2d 85 (2020). A trial court necessarily abuses its discretion if it makes an error of law. *Id*. at 78.

## III. ANALYSIS

Defendant argues that the trial court improperly granted plaintiff's motion for reconsideration because the notice of cancellation was unconditional. We agree.

MCL 500.3020(1) provides that certain provisions must be included in certain types of insurance policies, including "all classes of motor vehicle coverage . . . ." MCL 500.3020(1)(b) provides that one of those provisions must state:

> that the policy may be canceled at any time by the insurer by mailing to the insured at the insured's address last known to the insurer or an authorized agent of the insurer, with postage fully prepaid, a not less than 10 days' written notice of cancellation with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

Our Supreme Court in *Yang v Everest Nat'l Ins Co*, 507 Mich 314; 968 NW2d 390 (2021) recently addressed the meaning of this subsection. There, the plaintiff purchased a no-fault policy on September 26, 2017, and made the first payment. *Id*. at 317. On October 9, 2017, the defendant-insurer sent a purported cancellation notice, which explained that if the plaintiff's next payment (which was not due until October 26, 2017) was not made, then the policy would be canceled. *Id*. The plaintiff subsequently missed the October 26, 2017 payment, and the defendant-insurer canceled the plaintiff's policy on October 27, 2017. *Id*. at 317-318. The plaintiff was in an accident on November 15, 2017. *Id*. at 318.

Our Supreme Court held that the plaintiff was still insured as of the date of his accident because the defendant's October 9, 2017 notice of cancellation was ineffective. The Court analyzed MCL 500.3020(1)(b)'s use of the phrase "notice of cancellation," and held that such a notice must "be peremptory, explicit, and unconditional." *Yang*, 507 Mich at 325-326. The *Yang* Court explained that the cancellation notice at issue was ineffective because it was conditional; it was sent before the plaintiff had missed any payments, and it stated that the plaintiff's "policy would be canceled *if* he failed to pay his insurance premiums on time." *Id*. at 326.

Here, the notice of cancellation was sent on May 4, 2021, after plaintiff missed his installment payment due on May 2, 2021. The notice stated in relevant part:

> You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with the law, the coverage outlined in your insurance policy will cease and terminate as indicated above unless we receive your Minimum Amount Due before the Cancellation Date. **The failure to pay before the cancellation date will subject your policy to cancellation.**

Unlike in *Yang*, this notice was unconditional. Plaintiff had missed his May 2, 2021 payment, and the May 4, 2021 notice of cancellation informed plaintiff that, due to the missed payment, his policy would cancel in 10 days. No further conditions needed to be satisfied for plaintiff's policy to be canceled.

Plaintiff argues that the notice of cancellation was conditional because it said that plaintiff's policy would be canceled "unless" plaintiff made his payment. This argument is misguided. The notice of cancellation conditioned plaintiff's *continued coverage*—not cancellation—on plaintiff curing his missed payment. This is entirely consistent with MCL 500.3020(1)(b). As our Supreme Court explained nearly four decades ago and reiterated in *Yang*:

> The obvious objective of [MCL 500.3020] is to make certain that all of those who are insured under a policy are afforded a period of time, ten days, either to satisfy whatever concerns have prompted cancellation and thus revive the policy or to obtain other insurance, or simply to order their affairs so that the risks of operating without insurance will not have to be run. [*Yang*, 507 Mich at 326 n 5, quoting *Lease Car of America, Inc v Rahn*, 419 Mich 48, 54; 347 NW2d 444 (1984) (quotation marks omitted, alteration in *Yang*).]

In short, the fact that the notice of cancellation at issue allowed plaintiff 10 days to make payment before the policy would be canceled is plainly in accordance with MCL 500.3020(1)(b).

Reversed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron