AUTO CLUB INSURANCE ASSOCIATION v HAWKINS
(AFTER REMAND)

Docket No. 86033. Decided July 16, 1990. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgments of the circuit court and the Court of Appeals and remanded the case to the circuit court for further proceedings. Rehearing denied *post,* 1243.

Auto Club Insurance Association brought an action in the Cass Circuit Court, seeking a declaration that it was not obliged to provide a defense for Carrie M. Hawkins, Shirley R. Hawkins, or Elbur V. Hawkins, or to pay any judgment resulting from a separate lawsuit brought against them by the parents of a child who had been injured when her bicycle was struck by a vehicle driven by Carrie M. Hawkins, on the ground that the automobile insurance policy insuring the vehicle had been canceled for failure to pay the premium. The court, Herbert E. Phillipson, Jr., J., found that notice of the policy cancellation was adequate with respect to Shirley Hawkins, but not to Elbur Hawkins; that the policy was canceled with respect to Shirley Hawkins, but effective with respect to Elbur; and that ACIA was obligated to defend the claims and pay judgments. The Court of Appeals, WEAVER, P.J., and WAHLS and SHAMO, JJ., affirmed in an unpublished opinion per curiam, holding that ACIA was obliged to give Elbur Hawkins separate notice of the cancellation (Docket No. 97197). In lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals to consider whether the absence of Elbur Hawkins' name from the endorsement for the vehicle affected the policy's coverage or the cancellation notice requirements, 431 Mich 866 (1988). On remand, the Court of Appeals, WEAVER, P.J., and BEASLEY and WAHLS, JJ., affirmed in an unpublished opinion per curiam (Docket No. 111710). The insurer seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The insurer provided adequate notice.

Where notice of cancellation is properly provided to the principal named insured or to the insured in whose name the policy was issued, the notice is sufficient to any other insured person who is a family member and who lives in the same household.

Reversed.

*John A. Lydick* for the plaintiff.

*Daniel H. French* for defendants Hawkins.

*Terrence J. Lilly* for defendants Smith.

### AFTER REMAND

Per Curiam. The issue in this case is whether an insurance company provided adequate notice of its intent to cancel a no-fault automobile insurance policy. The circuit court and the Court of Appeals found that because separate notice was not provided to one of the named insureds the policy was not canceled. Under the circumstances of this case, we find that the insurer did provide adequate notice. Accordingly, we reverse the judgments of the circuit court and the Court of Appeals.

I

This is an action for declaratory judgment. Auto Club Insurance Association (ACIA) seeks a determination of its rights and responsibilities with regard to a separate lawsuit brought against persons who had been insured by the company.

The underlying suit arose from an accident that occurred on Sunday, June 3, 1984. A young girl was seriously injured when her bicycle was struck by a 1974 Ford Mustang driven by Carrie M. Hawkins.

The injured girl's parents sued Ms. Hawkins individually and on behalf of their daughter. The suit also named Ms. Hawkins' parents, Shirley R. Hawkins and Elbur V. Hawkins, as the owners of the Mustang.

The Hawkins family insured several vehicles,

including the Ford, with Auto Club Insurance Association.

Believing that the automobile insurance policy had been canceled for failure to pay the premium, ACIA brought this action for declaratory judgment. ACIA sought a determination that it was not obliged to provide a defense for the Hawkins family, as well as a determination that it would not be obliged to pay any judgment resulting from the suit.

The course of dealings between the Hawkins family and ACIA was presented at a one-day bench trial in the circuit court. At that time, it was established that ACIA had issued a policy covering several vehicles that were owned by the Hawkins family.

On or about January 23, 1984, ACIA mailed its "renewal declaration certificate," which listed the vehicles owned by the Hawkins family and stated the coverage that applied to each. The 1974 Ford was not among the vehicles that were listed.

The renewal certificate listed Shirley Hawkins as the "principal named insured" and Elbur Hawkins under the heading "other named insureds."

Together with the renewal certificate, ACIA mailed a premium notice that stated the total amount due, as well as a lesser amount that could be paid if periodic payments were preferred by the insured.

Shirley Hawkins elected to make a partial premium payment, but her tardy check was dishonored because insufficient funds were on deposit. Several days later, the check was resubmitted. This time, it was honored by the bank. Despite its tardiness, the payment was accepted by ACIA. However, no additional premium payments were made.

After the time the premium (or partial payment) was due, ACIA sent a "confirmation of non-

renewal" that was addressed to Shirley Hawkins, informing her that her policy "was not renewed . . . due to non-payment of premium." This document explained that payment on or before an extended premium deadline could lead to reinstatement of the policy. Shirley Hawkins was listed on the notice as "principal named insured"; no one was listed under the separate heading "named insured(s)."

Several days after sending the confirmation of nonrenewal, ACIA issued an endorsement that added the 1974 Ford Mustang to the policy. That endorsement listed Shirley Hawkins as the "principal named insured," but did not list Elbur Hawkins under the heading "other named insureds."[1]

When the extended premium deadline passed without a payment, ACIA issued a cancellation notice. It stated that the policy would be canceled if the required premium was not received by noon of the final premium deadline date. This notice was addressed to Shirley Hawkins. Also typed on the notice were the names of Elbur Hawkins and another family member. The names of Elbur Hawkins and the other family member appeared in the upper portion of the notice, but there was no heading above their names, i.e., no indication of the capacity in which they were being listed. These two names were printed on the notice in a position that would not have allowed them to be visible through the address window of ACIA's mailing envelope.

The final premium deadline passed without payment. ACIA then issued a "cancellation of policy," addressed to Shirley Hawkins. This notice stated that the policy had terminated at noon on the

---

[1] During the months covered by this factual narrative, ACIA issued two other endorsements that did list Elbur Hawkins under the heading "other named insureds."

final premium deadline date.[2] The notice had a heading for "named insured(s)," but no name was listed there.

## II

In a detailed opinion, the circuit court addressed the issue whether ACIA had satisfied the statutory requirement that notice of cancellation be sent to "the insured." MCL 500.3020(1)(b); MSA 24.13020(1)(b). In the course of its analysis, the circuit court observed this Court's statement that such notice must be sent to each person who qualifies as an "insured" under the terms of the policy. *Lease Car of America, Inc v Rahn,* 419 Mich 48; 347 NW2d 444 (1984), reh den 419 Mich 1213 (1984).

Although Shirley Hawkins testified that she did not receive the cancellation premium notice, the circuit court found that the notices had been sent to her and that she had actual knowledge that the policy had been canceled. This determination is not being challenged on appeal.

Elbur Hawkins also denied knowledge that the policy had been canceled. With regard to him, the circuit court concluded that the notice had not been adequate. In light of *Lease Car,* the circuit court concluded that Elbur Hawkins' status as an "other named insured" entitled him to separate notice.

In its judgment, the circuit court found the policy to be canceled with respect to Shirley Hawkins, but effective with respect to Elbur Hawkins. Thus the trial court found that in the underlying litigation arising from the automobile accident

---

[2] The cancellation was accompanied by a separate notification that members of the Hawkins family were not to operate their vehicles unless they were insured in accordance with Michigan law.

ACIA was "obligated to defend the claims, pay judgments and to otherwise perform the duties imposed upon it by the insurance agreement."

ACIA later filed a motion that was in the nature of a motion for rehearing. In this motion, ACIA urged the trial court to find "that Shirley Hawkins was the agent for Elbur V. Hawkins with regard to receiving mail[,] and notice received by Shirley Hawkins should be deemed to be notice received by Elbur V. Hawkins." It also pointed out that Elbur Hawkins was not listed as an insured in the endorsement that added the 1974 Ford.

The circuit court denied the motion, saying that ACIA had neither pleaded nor argued that Shirley Hawkins was the agent of Elbur Hawkins.[3] With regard to the omission of Elbur Hawkins' name from the endorsement governing the 1974 Ford Mustang, the circuit court appears to have concluded that the omission was inadvertent and that the endorsement was intended by both parties to change only the policy's coverage of vehicles.

### III

The Court of Appeals affirmed,[4] agreeing with the trial court that ACIA was obliged to give Elbur Hawkins separate notice of the cancellation:

> It is true that under the specific terms of the insurance contract plaintiff was only required to give actual notice of cancellation to the "principal insured," which in this case was Shirley Hawkins. However, our Supreme Court in *Lease Car of America v Rahn*, 419 Mich 48; 347 NW2d 444

---

[3] ACIA insists that the agency issue was raised and tried in the trial court. Our holding in the present case removes the necessity of addressing the question of agency.

[4] *Auto Club Ins Ass'n v Hawkins*, unpublished opinion per curiam of the Court of Appeals, decided February 23, 1988 (Docket No. 97197), slip op, pp 3-4.

(1984), ruled that MCL 500.3020; MSA 24.13020 requires that notice of cancellation of a policy be given to all of the parties insured under the policy without limitation. Following *Lease Car, supra,* plaintiff was required was required [sic] to give Elbur Hawkins notice of the cancellation.

We agree with the trial court that notice of cancellation was insufficient as to Elbur Hawkins. The notice of cancellation was addressed to Shirley Hawkins and did not contain Mr. Hawkins' name on the face of the notice of cancellation.

Nor can we declare that Shirley Hawkins acted as an agent for Elbur Hawkins. Testimony did show that Mrs. Hawkins routinely negotiated and paid for the family's auto insurance. The trial court, following plaintiff's motion for an amendment of findings and reconsideration of the court's declaratory judgment, ruled that an agency relationship did not exist as Mr. Hawkins did not intend his wife to act as his agent. It is well settled that the existence and scope of an agency relationship are questions of fact. *Whitmore v Fabi,* 155 Mich App 333, 338; 399 NW2d 520 (1986). Insufficient evidence was introduced to support a different finding.

Since notice to Shirley Hawkins did not constitute notice to Elbur Hawkins, the trial court was correct in declaring that plaintiff failed to effectively cancel its auto insurance policy as to Elbur Hawkins and was therefore obligated to perform its duties under the policy.

ACIA then sought leave to appeal in this Court. In lieu of granting leave to appeal, we remanded the case to the Court of Appeals "for further consideration of whether the absence of Elbur Hawkins' name from the Mustang endorsement affects either the policy's coverage or the cancellation notice requirements." *Auto Club Ins Ass'n v Hawkins,* 431 Mich 866; 429 NW2d 168 (1988).

On remand,[5] the Court of Appeals said that the absence of Elbur Hawkins' name from the Mustang endorsement was of no consequence:

> We find that the absence of Mr. Hawkins' name from the Mustang endorsement affected neither coverage nor the cancellation notice requirements. The failure to include Mr. Hawkins' name on the Mustang endorsement, when the Mustang was added as an additional insured vehicle, created an ambiguity which must be construed against plaintiff as the insurer and in favor of Mr. Hawkins as the insured. *Herring v Golden State Ins Co,* 114 Mich App 148, 152; 318 NW2d 641 (1982). Mr. Hawkins was named as an insured in the original policy declaration. As such, he was entitled to notice under MCL 500.3020; MSA 24.13020. *Lease Car of America, Inc v Rahn,* 419 Mich 48, 54-55; 347 NW2d 444 (1984), reh den 419 Mich 1213 (1984).

ACIA again applies for leave to appeal.

### IV

The policy listed Shirley Hawkins as "principal named insured." Adequate notice was sent to her, and the trial court has found as fact that she had actual knowledge that the policy was canceled.

The policy documents generally (but not uniformly) listed Shirley Hawkins' spouse, Elbur Hawkins, as an "other named insured." Relying in significant part upon *Lease Car,* the courts below have found that ACIA was obliged to give separate notice to Elbur Hawkins. Because ACIA failed to send him separate notice, the lower courts held that the policy remained in effect with respect to him.

---

[5] *Auto Club Ins Ass'n v Hawkins (On Remand),* unpublished opinion per curiam of the Court of Appeals, decided April 6, 1989 (Docket No. 111710), slip op, pp 1-2.

*Lease Car* involved a situation that was quite a bit different than the present case. There, a corporation leased an automobile to an individual. The lease required the lessee to purchase automobile insurance. The lease further provided that, upon notice to the corporate lessor that the insurance had been canceled, the lessor could, at its option, continue the policy and charge the lessee the cost of the premium.

As required by the lease, the lessee purchased automobile insurance. However, he failed to pay the required premium. The insurer then notified the lessee that the policy was canceled. The insurer never sent notice to the corporate lessor.

The language of the policy provided that, where there is a failure to pay the premium, notification to the individual lessee was sufficient. However, an endorsement to the policy specifically named the corporate lessor as an insured.

This Court held that, regardless of the language of the policy, cancellation could be effected only through compliance with the statute,[6] which requires notice to "the insured." This Court observed that "[t]he statute makes no exception for a 'named insured,' a 'designated insured,' or the like." *Id.,* p 55. Thus, we said in *Lease Car,* the statute "requires notice of cancellation of a policy to be given to all insureds covered by the policy, not just to whatever individual insured the policy language may designate as entitled to notice."[7] *Id.,* p 54.

---

[6] MCL 500.3020(1)(b); MSA 24.13020(1)(b).

[7] Carrie Hawkins, the Hawkins' daughter, was driving the 1974 Ford at the time of the accident that gave rise to the underlying litigation. The insurance documents indicate that one of the Hawkins' other cars was rated for "occasional use" by her. Thus her name appears in the insurance documents. Further, there is no dispute that if the policy is effective as to the parents it will cover this accident.

This raises the question whether the daughter is also entitled to separate notice under *Lease Car.* The circuit court said that "[t]o

The statute requires notice to "the insured," and such notice was properly sent to Shirley Hawkins. Her spouse was also a named insured and he did not receive separate notice. Examining the statute, as well as our decision in *Lease Car,* we are persuaded that ACIA *did* satisfy MCL 500.3020(1)(b); MSA 24.13020(1)(b) in this case. We hold today that, where notice of cancellation is properly provided to the "principal named insured" or (if the policy terminology is different) to the insured in whose name the policy was issued, that is sufficient notice to any other insured person who is a family member and who lives in the same household. We are confident that this outcome fulfills the intent of the Legislature, as well as the considerations underlying our decision in *Lease Car.*

For these reasons, we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case to the circuit court for entry of a judgment that is consistent with this opinion. MCR 7.302(F)(1).

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

---

follow [*Lease Car*] at its broadest would require such a holding," but that such an analysis "would carry us to the ridiculous" and "would seem to go too far." Thus, the circuit court said that its holding "is limited to the named insured listed in the declaration." In light of our holding in the present case, it is unnecessary to analyze separately the question of notice to Carrie Hawkins, who was living in the Hawkins' family home at the time of the accident.