# STATE OF MICHIGAN

# COURT OF APPEALS

TAEVIN TRAVON JOHNSON,

          Plaintiff-Appellant,

and

MCLAREN OAKLAND,

          Intervening Plaintiff,

v

METROPOLITAN PROPERTY & CASUALTY
INSURANCE COMPANY a/k/a METLIFE
AUTO & HOME,

          Defendant-Appellee.

UNPUBLISHED
August 11, 2015

No. 321649
Wayne Circuit Court
LC No. 13-002108-NF

---

TAEVIN TRAVON JOHNSON,

          Plaintiff,

and

MCLAREN OAKLAND,

          Intervening Plaintiff-Appellant,

v

METROPOLITAN PROPERTY & CASUALTY
INSURANCE COMPANY a/k/a METLIFE
AUTO & HOME,

          Defendant-Appellee.

No. 321774
Wayne Circuit Court
LC No. 13-002108-NF

---

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

-1-

Plaintiff Taevin Johnson accumulated staggering medical bills at intervening plaintiff McLaren Oakland following a serious motor vehicle accident. His no-fault insurer, defendant Metlife, denied coverage, contending that the policy had been non-renewed effective 14 days before the accident. Taevin filed suit and McLaren intervened. Both challenged the sufficiency of the non-renewal notice. The circuit court found that notice mailed to Eddie Johnson, Taevin's mother and the named insured on the policy, at her last known address was all that was required. Because the non-renewal was valid and the policy had expired before Taevin's accident, the circuit court summarily dismissed the suit. We affirm.

## I. BACKGROUND

Eddie maintained a no-fault automobile insurance policy through Metlife, which provided coverage for her and her son and their two vehicles.[1] Eddie was designated on the policy's declarations page as "insured" and Taevin as "child." The declarations page also described the parties' vehicles, including a 2005 Chevrolet Impala for which Taevin was listed as the "principal operator." Taevin was the registered owner of the Impala, which had been added to the policy in 2011.

On August 5, 2012, Metlife used first-class mail to send a notice of termination to Eddie at the address she had provided to the insurer. Metlife informed Eddie that it would not renew the policy at its expiration because Taevin had accumulated six points for moving violations. The policy expired on September 8, 2012. Eddie claimed that she did not receive this notice despite that she resided at the address listed on her policy until the end of August. Eddie was aware that her insurance premium was not deducted from her biweekly pay check on September 9, 2012, but did not contact Metlife at that time.

On September 22, 2012, Taevin was involved in a serious motor vehicle accident. He fell into a coma and was hospitalized at McLaren Oakland for an extended period. One year later, Taevin still suffered the effects of nerve damage and required continuing medical treatment.

Eddie notified Metlife immediately after the accident, but the insurer denied coverage based on the non-renewal letter. Taevin then filed suit for first-party no-fault benefits and McLaren intervened to protect its interests. Taevin and McLaren contended that Metlife was required to send a separate notice of termination to Taevin and that its failure to do so voided the non-renewal. Metlife retorted that under the plain language of the policy, it was required to send notice of non-renewal only to the named insured, Eddie, at her last known address by first-class mail. Metlife had complied with these requirements, and thus no coverage existed at the time of the accident. The circuit court agreed with Metlife and summarily dismissed Taevin's and McLaren's claims. This appeal followed.

---

[1] For convenience and clarity, we refer to Eddie and Taevin Johnson by their first names.

## II. STANDARDS OF REVIEW

We review de novo a circuit court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher*, 300 Mich App at 139-140.]

The interpretation of an insurance policy is a question of law that we also review de novo. *Hunt v Drielick*, 496 Mich 366, 372; 852 NW2d 562 (2014).

> An insurance policy is similar to any other contractual agreement, and, thus, the court's role is to "determine what the agreement was and effectuate the intent of the parties." *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). "[W]e employ a two-part analysis" to determine the parties' intent. *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 172; 534 NW2d 502 (1995). First, it must be determined whether "the policy provides coverage to the insured," and, second, the court must "ascertain whether that coverage is negated by an exclusion." *Id.* (citation and quotation marks omitted). [*Hunt*, 496 Mich at 372-373.]

In interpreting an insurance policy, we must give "its terms their ordinary and plain meaning if such would be apparent to a reader of the instrument." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012) (quotation marks and citation omitted).

## III. ANALYSIS

The circuit court correctly dismissed Taevin's claim for benefits and McLaren's quest for compensation for services rendered. The Metlife policy provides that if the insurer decides not to renew a policy, it "will mail notice to you at the last known address shown on our records" with "at least 20 days" notice. The policy defines "you" as "the person(s) named in the Declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household." Eddie is the only person listed in the policy declarations as the "named insured." Taevin is designated as "child." Therefore, Metlife was required under the policy to mail notice only to Eddie. Metlife used first-class mail to send the notice 33 days before policy expiration, well in excess of the contractual notice period. And Eddie's claim that

she did not receive the nonrenewal letter does not invalidate the termination. The policy specifically provides that "[p]roof of mailing of any notice shall be sufficient proof of notice." Accordingly, under the plain language of the Metlife policy, the policy was validly non-renewed and coverage did not exist at the time of Taevin's accident.

That the letter to Eddie was sufficient to place Taevin on notice is also supported by *Auto Club Ins Ass'n v Hawkins (After Remand)*, 435 Mich 328; 458 NW2d 628 (1990). In interpreting a statute that requires notice of policy cancellation to "the insured," the Court held:

> where notice of cancellation is properly provided to the "principal named insured" or (if the policy terminology is different) to the insured in whose name the policy was issued, that is sufficient notice to any other insured person who is a family member and who lives in the same household. [*Id.* at 337.]

Taevin contends that Metlife had a duty to change the policy declarations to list him as a named insured because he was the registered owner of the covered Impala. Taevin cites no legal support for such a duty. The Metlife policy itself provides no parameters for designating an individual as an "insured" in the policy declarations. Rather, it seems that a person becomes a "named insured" by requesting such designation. As neither Eddie nor Taevin made such a request, Taevin was not entitled to redesignation. Even if Metlife had been required to change Taevin's status, the failure to provide separate notice to Taevin would not void the non-renewal. In *Hawkins*, 435 Mich at 331, the insurance company failed to notify Elbur Hawkins that it had cancelled the policy. Rather, it sent notice to Elbur's wife, Shirley Hawkins. The policy declarations page described Shirley as the "principal named insured" and Elbur as an "other named insured[]." *Id.* Even though Elbur *was* a named insured, the Supreme Court held that the insurance company was not required to send him a separate notice; the notice to his wife who lived in the same household sufficed. *Id.* at 337.

Taevin and McLaren also invoke the statutory notice requirements of MCL 500.3020 and MCL 500.3224 to invalidate the non-renewal in this case. These statutes provide specific information that must be included in a notice of policy *cancellation* and describe the method of service. These provisions are inapplicable in this case, however. MCL 500.3204(2) provides:

> Refusal to renew any policy of automobile liability insurance shall not constitute a cancellation unless the insurer fails to mail, 20 days prior to the termination date of the policy, by first class mail, a notice to the insured that the policy will not be renewed.

Metlife used first-class mail to send notice to Eddie on August 5, 2012, 33 days before the policy would expire. The refusal to renew therefore cannot be deemed a "cancellation" and MCL 500.3020 and MCL 500.3224 are inapplicable.

We affirm.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens